UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUSAN J. MARLEY,

    Plaintiff,

v.                              Case No:   8:13-cv-2384-T-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

## OPINION AND ORDER

Plaintiff Joyce Stephens appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for a period of disability and Disability Insurance Benefits ("DIB"), and supplemental security income ("SSI"). For the reasons discussed herein, the decision of the Commissioner is affirmed pursuant to 42 U.S.C. § 405(g).

I.    **Issues on Appeal**

There are three issues on appeal: (1) whether substantial evidence supports the ALJ's decision to accord reduced weight to the medical source opinion of Dr. Springstead; (2) whether the ALJ erred by relying on the testimony of the vocational expert ("VE"); and (3) whether substantial evidence supports the ALJ's credibility determination.

II.    **Procedural History and Summary of the ALJ's Decision**

On September 23, 2010, Plaintiff protectively filed applications for a period of disability, DIB and SSI, alleging she became disabled and unable to work on July 1,

2009. Tr. 145-48, 149-52. The Social Security Administration ("SSA") denied her claim initially on December 7, 2010 and upon reconsideration on January 27, 2011. Tr. 62-68, 72-75. Plaintiff then requested and received a hearing before ALJ Joseph L. Brinkley on April 18, 2012, during which she was represented by non-attorney representative Scott Flexer. Tr. 24-55, 76-78. Plaintiff Susan Marley and VE Howard Steinberg testified at the hearing, and Plaintiff's representative gave an opening statement. *Id.*

On May 21, 2012, the ALJ issued a decision finding that Plaintiff is not disabled and denying her claim. Tr. 11-19. The ALJ first determined that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2014. Tr. 13. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 1, 2009, the alleged onset date. *Id.* At step two, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, bipolar disorder, post-traumatic stress disorder and substance abuse disorder. *Id.* At step three, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 13. The ALJ expressly considered whether Plaintiff meets the requirements of Listings 1.04A, 1.04B, 1.04C, 12.04, 12.06 and 12.09. Tr. 14.

Taking into account the effects from all of Plaintiff's impairments, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, with additional limitations. Tr. 15. The ALJ found that Plaintiff's

medically determinable impairments could reasonably be expected to cause the alleged symptoms, but her statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the ALJ's RFC determination. Tr. 16.

The ALJ then found that Plaintiff was not capable of performing any of her past relevant work ("PRW"). Tr. 18. The ALJ determined that Plaintiff is able to perform such representative occupations as office helper (DOT 239.567-010), of which 14,000 jobs exist in the region and 258.000 exist nationally; office mail clerk (DOT 209.687-026), of which 21,000 jobs exist in the region and 205,000 exist nationally; and toll collector (DOT 211.462-038), of which 430 jobs exist regionally and 31,000 exist nationally. *Id.* Thus, the ALJ found that Plaintiff was not disabled and denied her claim. Tr. 19.

Following the ALJ's decision, Plaintiff filed a request for review by the Appeals Council, which was denied on December 17, 2013. Tr. 1-5, 6. Accordingly, the ALJ's May 21, 2012 decision is the final decision of the Commissioner. Plaintiff filed an appeal in this Court on September 16, 2013. Doc. 1.

III. Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Commissioner has established a five-step

sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The district court must consider the entire record, including new evidence submitted to the Appeals Council for the first time, in determining whether the Commissioner's final decision is supported by substantial evidence. *Ingram v. Astrue*, 496 F.3d 1253, 1265 (11th Cir. 2007). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3

(11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## IV. Discussion

Plaintiff first contends that the ALJ erred by according reduced weight to the opinion of Dr. Springstead. Relatedly, Plaintiff contends that if Dr. Springstead's opinion had been appropriately credited, then the ALJ's RFC determination and reliance on the VE's testimony are not supported by substantial evidence. Finally, Plaintiff asserts that the ALJ improperly used boilerplate language when explaining his determination of Plaintiff's credibility, and therefore failed to undertake the appropriate analysis prescribed by the Regulations. Each argument is addressed separately.

### a. *Whether the ALJ properly assigned reduced weight to the opinion of Dr. Springstead*

Plaintiff first argues that the ALJ improperly gave reduced weight to the opinion of Dr. R.W. Springstead, who Plaintiff identifies as her treating orthopedist. Plaintiff contends that Dr. Springstead provided the only functional assessment of her physical impairments, and the limitations found by Dr. Springstead were far greater than those found by the ALJ and "are consistent only with a finding that she is disabled." Doc. 22 at 4-5. Plaintiff correctly notes that the Regulations describe a particular hierarchy for assigning weight to medical opinions, with those offered by


specialists and treating physicians usually entitled to greater weight. Doc. 22 at 7. Plaintiff thus contends that the ALJ failed to follow the Regulations by assigning Dr. Springstead's opinion "little weight." Doc. 22 at 8-9. The Commissioner argues that Dr. Springstead examined Plaintiff on only one occasion, and therefore was not a "treating source" under the Regulations, so his opinion was not entitled to special weight. Doc. 23 at 10.

Opinions of treating sources usually are given more weight because treating physicians are the most likely to be able to offer detailed opinions of the claimant's impairments as they progressed over time and "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations . . . ." 20 C.F.R. § 404.1527(c)(2). The weight afforded a nontreating medical source's opinion on the issues of the nature and severity of a claimant's impairments, however, depends upon the source's examining and treating relationship with the claimant, the length of the treatment relationship, the evidence the medical source presents to support his opinion, how consistent the opinion is with the record as a whole, the specialty of the medical source and other factors. *See* 20 C.F.R. § 404.1527(c); 20 C.F.R. 416.927(c). Medical source opinions may be discounted when the opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if the opinion is inconsistent with the record as a whole. SSR 96-2p; *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159-60 (11th Cir. 2004).

Here, the ALJ stated that Plaintiff saw Dr. Springstead only one time, and the ALJ noted that Dr. Springstead formulated his opinion based upon the single examination. Tr. 16. The ALJ acknowledged that Dr. Springstead is an examining source, but determined "the medical evidence does not support Dr. Springstead's medical opinion." Tr. 17. Specifically, the ALJ explained that he assigned "little weight" to Dr. Springstead's opinion because the MRI upon which Dr. Springstead based his opinion revealed only mild degenerative disc disease of the lumbar spine, and records from the Hernando County Health Department show that Plaintiff was only given conservative treatment for her back pain. *Id.* The ALJ also noted that Plaintiff saw Dr. Springstead at the request of her representative, and although Plaintiff's "primary care physician had given her a blank referral to see an orthopedist . . . she had never taken advantage of the referral." *Id.* For these reasons, the ALJ determined that Dr. Springstead's opinion was entitled to little weight.

In accordance with the Regulations, the ALJ reviewed Dr. Springstead's opinion in the context of his role as a one-time, examining physician and determined that it was inconsistent with other medical evidence in the record. *See* 20 C.F.R. § 404.1527(c); 20 C.F.R. 416.927(c). The ALJ explained his reasons for assigning "little weight" to Dr. Springstead's opinion, and his opinion is supported by substantial evidence.

> b. *Whether the ALJ's RFC determination and resulting conclusion that Plaintiff can perform other jobs in the national economy are supported by substantial evidence*

Plaintiff next contends that the ALJ erred by relying upon the testimony of the VE, who identified jobs in the national economy that Plaintiff can perform with a "reasoning level" of 2 to 3, despite Plaintiff's limitation in the hypothetical to simple, 1 to 2 step instructions. Doc. 22 at 12. Thus, Plaintiff argues that the jobs identified by the VE are inconsistent with Plaintiff's mental limitations. The Commissioner asserts that the ALJ complied with his duty, pursuant to the Regulations, to inquire whether the VE's testimony conflicts with the DOT, and upon the VE stating that no such conflict existed, the ALJ properly could rely on the VE's testimony. Doc. 23 at 12-13.

The RFC is the most that a claimant can do despite her limitations. *See* 20 C.F.R. § 404.1545(a). At the hearing level, the ALJ has the responsibility of assessing a claimant's RFC. *See* 20 C.F.R. § 404.1546(c). The ALJ is required to assess a claimant's RFC based on all of the relevant evidence in the record, including any medical history, daily activities, lay evidence and medical source statements. 20 C.F.R. § 404.1545(a). The claimant's age, education, and work experience are considered in determining his RFC and whether he can return to his past relevant work, *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1520(f)), and the RFC assessment is based upon all relevant evidence of a claimant's ability to do work despite her impairments. *Phillips v. Barnhart*, 357

F.3d 1232, 1238 (11th Cir. 2004); *Lewis*, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1545(a)).

Here, the ALJ expressly determined as part of Plaintiff's RFC that Plaintiff "is limited to simple routine one to two step tasks," among other limitations. Tr. 15. The ALJ included a similar limitation in his hypothetical to the VE: "She would be limited to unskilled, routine, simple one and two step tasks. . . ." Tr. 49. The VE testified that a hypothetical individual with the limitations set forth in Plaintiff's RFC would be able to perform the jobs of office helper (DOT 239.567-010), office mail clerk (DOT 209.687-026) and toll collector (DOT 211.462-038). Tr. 50-51. Plaintiff contends, however, that the reasoning level of these occupations is inconsistent with her RFC.

It is true that "[o]ccupational evidence provided by a VE . . . generally should be consistent with the occupational information supplied by the DOT," and "[a]t the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency." SSR 00-4p. In fact, the ALJ "has an affirmative responsibility to ask about any possible conflict between that VE . . . evidence and information provided in the DOT." *Id.* If there is inconsistency, the ALJ must determine if the explanation for the inconsistency is reasonable and whether it provides a basis for relying upon the VE's testimony. *Id.*

Despite Plaintiff's contention that the VE's testimony is inconsistent with the DOT, the ALJ asked the VE: "And is your testimony consistent with the Dictionary

Case 8:13-cv-02384-CM Document 26 Filed 02/26/15 Page 10 of 15 PageID 672

of Occupational Titles and associated rules and regulations?" Tr. 51. The VE replied, "Yes it is." *Id.* Thus, in accordance with the rulings, the ALJ was entitled to rely upon the VE's testimony.

Courts in this circuit previously have determined that, once a VE certifies that his testimony is consistent with the DOT, the ALJ is not under an obligation to inquire further, or to investigate potential conflicts which were not raised at the hearing. In *Dickson v. Commissioner of Social Security*, the plaintiff argued that the ALJ erred in determining that he could perform certain jobs because those jobs required a reasoning level of 3, while the ALJ's hypothetical limited the plaintiff to simple, routine, repetitive work. No. 5:13-cv-48-Oc-DNF, 2014 WL 582885, at *3 (M.D. Fla. Feb. 13, 2014). The Commissioner asserted in that case, as here, that that the DOT's General Educational Development ("GED") reasoning level of 3 is not necessarily in conflict with the plaintiff's limitation to simple work.

The Court agreed with the Commissioner, noting that the ALJ specifically had inquired whether the VE's testimony as to the jobs that he found the plaintiff could perform was consistent with the DOT, and the VE testified that it was. *Id.* at *4. The Court further explained:

> Plaintiff[ ] is asking the Court to go one step further than SSR 00-4p, by requiring the ALJ to have an affirmative duty to independently investigate where there is a potential conflict between the vocational expert's testimony and the DOT, and not to allow the ALJ to rely on the vocational expert's testimony that the occupational evidence presented was consistent with the DOT. SSR 00-4p does not require an ALJ to independently investigate whether a conflict exists, it simply requires that the ALJ
- 10 -

> ask the [VE] if a conflict does exist, and if a conflict exists, then the ALJ must explain and resolve the conflict. . . .
>
> The ALJ followed SSR 00-4p and asked the [VE] if his testimony was consistent with the DOT. The [VE] testified that it was consistent. No conflicts were raised during the hearing by the [VE] or by Plaintiff's representative. Neither case law nor SSR 00-4p require an ALJ to resolve a conflict that was no identified and was not otherwise apparent.

*Id.* at *5. The Court found that the ALJ did not err in relying on the testimony of the VE, and therefore substantial evidence supported the ALJ's determination that the plaintiff could perform other work and was not disabled. *Id.*; *see also Hurtado v. Comm'r of Soc. Sec.*, 425 Fed. Appx. 793 (11th Cir. 2011) (determining that even if a conflict existed between VE's testimony and the DOT, the ALJ did not err by relying solely on testimony of the VE because that testimony "trumps" the DOT, and the plaintiff did not object to the VE, his qualifications, or offer any evidence contradicting the VE); *Leigh v. Comm'r of Soc. Sec.*, 496 Fed. Appx. 973 (11th Cir. 2012) (rejecting the plaintiff's contention that the ALJ erred by relying on VE testimony that conflicted with the DOT to the extent that the reasoning levels of representative occupations identified by the VE were inconsistent with the limitation that plaintiff could perform only simple, routine, repetitive tasks, where the VE stated his opinion was not inconsistent with the DOT).

Here, the ALJ similarly inquired whether the VE's testimony was consistent with the DOT with respect to the jobs the VE testified that Plaintiff could perform. The VE affirmed that it was, and the ALJ was entitled to rely on the VE's testimony to conclude that Plaintiff was capable of performing other work existing in sufficient

numbers in the national economy, and therefore also that Plaintiff is not disabled. Thus, the ALJ's decision is supported by substantial evidence.

### c. Whether the ALJ properly assessed Plaintiff's credibility

Plaintiff next contends that the ALJ erred in determining Plaintiff's credibility, because he failed to identify specific reasons for discrediting all or part of Plaintiff's testimony. Doc. 22 at 17-18. The Commissioner asserts that credibility determinations "need not cite 'particular phrases or formulations.'" Doc. 23 at 16 (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). Instead, the Commissioner argues, the ALJ adequately explained his reasons for discrediting Plaintiff's subjective complaints, including that Plaintiff received only conservative treatment and that Plaintiff's mental examinations revealed normal findings. Doc. 23 at 16-17 (citing Tr. 16-17).

The regulations require the ALJ to consider specific factors when making credibility determinations. Those factors include the claimant's daily activities; the location, duration, frequency and intensity of pain and other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness and side effects of any medications; treatment other than medication; and any other measures to reduce pain or other symptoms. 20 C.F.R. § 404.1529(c)(3).

SSR 96-7p further explains the process by which a claimant's credibility must be evaluated:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements

> and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record.

A claimant's statements as to the intensity and persistence of pain or other symptoms, or how they affect her ability to work, may not be disregarded simply because they are not supported by objective medical evidence; instead, the ALJ must state specific reasons for his credibility determination and the weight given to subjective statements, which must be supported by the record. 20 C.F.R. § 404.1529(c)(4) (subjective complaints are evaluated in relation to other evidence); SSR 96-7p; *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) ("If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so.").

Here, the ALJ stated that he found Plaintiffs medically determinable impairments could cause her alleged symptoms, but her statements as to the intensity, persistence and pace were not credible to the extent they were inconsistent with the ALJ's RFC determination. Tr. 16. The ALJ discussed the psychological examination conducted by Dr. Thomas Antonek, Plaintiff's treatment at the Hernando County Health Department, which consisted of medication and physical therapy, and the medical source statement from Dr. Springstead, which the ALJ found was entitled to "little weight" because it was inconsistent with other medical evidence in the record. Tr. 16, 17; see Tr. 352-55, 390-433, 484-89.

Specifically, the ALJ explained his reasons for finding Plaintiff's statements and testimony less than fully credible as follows:

> I find that the claimant has exaggerated her mental health symptoms except for one instance the claimant has had a GAF score of 50, which is considered only moderate symptoms. The claimant's mental health improved once she took her medication. The claimant was found oriented to person, place, time and situation, her speech and thought process were normal, her attention and concentration was within normal limits, and her fund of knowledge was adequate. She had poor insight and judgment, her mood was angry but she did report suicidal and homicidal ideation without intent or plan. The claimant did claim to hear voices but she still was able to function.

Tr. 17. Thus, even acknowledging that Plaintiff had some mental difficulties, such as poor judgment and claiming to hear voices, the ALJ found that Plaintiff's mental health symptoms largely were exaggerated.

The ALJ also explained that Plaintiff's mental health improved upon taking medication, which lends support to the ALJ's credibility finding. *See Crow v. Comm'r of Soc. Sec.*, 571 Fed. Appx. 802, 808 (11th Cir. 2014) (the plaintiff's improvement with medication was one factor supporting the ALJ's finding that the plaintiff's testimony was not credible to the extent it was inconsistent with his RFC). The ALJ therefore sufficiently explained his reasons for finding Plaintiff less than entirely credible, and it is not for the Court to reweigh the evidence nor will the Court disturb a clearly articulated credibility finding that is supported by substantial evidence. *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987); *Foote*, 67 F.3d at 1562 (same); *Lawson v. Astrue*, No. 8:07-cv-243-T-TGW, 2008 WL 681097, at *2 (M.D. Fla. Mar. 7, 2008) ("It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.") (citing *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971)). Thus,

because the ALJ adequately explained his reasons for discrediting Plaintiff's subjective complaints, his determination that Plaintiff's statements were not entirely credible is supported by substantial evidence.

### V. Conclusion

The ALJ considered the opinion of Dr. Springstead, a one-time examiner, in accordance with the directive set forth in the Regulations, and sufficiently explained his decision to accord "little weight" to his opinion. The ALJ also was entitled to rely on the testimony of the VE once the VE affirmed that his testimony was consistent with the information contained in the DOT. Finally, the ALJ adequately explained the reasons for determining that Plaintiff's testimony was not fully credible, to the extent it was inconsistent with the ALJ's RFC determination. The ALJ's decision is supported by substantial evidence.

Accordingly, it is

**ORDERED:**

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 26th day of February, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record